**Lynne STANDIFIRD, Plaintiff,**

v.

**TOWN OF BOXBOROUGH, Defendant.**

**No. CIV. A. 99–11592–WGY.**

United States District Court,
D. Massachusetts.

Feb. 4, 2000.

---

Lynne Standifird, Nolensville, TN, Pro se.

John J. Davis, Pierce, Davis, Fahey & Perritano, LLP, Deirdre W. Savage, Pierce, Davis, Fahey & Perritano, LLP, John J. Cloherty, Pierce, Davis, Fahey & Perritano, LLP, Boston, MA, for Town of Boxborough, Defendants.

### MEMORANDUM AND ORDER

YOUNG, Chief Judge.

### I. *Introduction*

Following a traffic stop where tempers flared, Lynne Standifird ("Standifird") filed a complaint against the Town of Boxborough (the "Town") in the Massachusetts Superior Court sitting within and for the County of Middlesex, alleging misconduct by the officer who pulled her over, Sergeant Stephen Trefry ("Trefry"). The Town removed the case to this Court and denied Standifird's allegations. This Court ruled that the complaint adequately stated a federal civil rights claim. *See* 42 U.S.C. § 1983. The Town now moves for summary judgment pursuant to Fed. R.Civ.P. 56(c).

### II. *Factual Background*

The following facts appear without substantial dispute on the summary judgment record:

On the evening of May 27, 1999, Sergeant Trefry observed a vehicle driven by Standifird that was pulling a trailer carrying two motorcycles. *See* Trefry Aff. ¶ 1. The trailer did not have valid registration plates attached. *See id.* After Trefry pulled the vehicle over, Standifird immediately exited and began walking toward the police vehicle. *See id.* ¶ 3. For both his and her safety, Trefry ordered Standifird to return to her vehicle. *See id.* The officer then noticed that the car towing the trailer had a Tennessee license plate. *See id.* Standifird explained that the State of Tennessee did not require trailers to have registration plates. *See* Trefry Aff. ¶ 4. In response, Trefry returned to his cruiser and radioed the station to check whether the trailer needed to be registered. *See id.* Boxborough police officer Benjamin Lavine ("Lavine") received the request and contacted the Tennessee Highway Patrol. *See* Lavine Aff. ¶¶ 2, 3. The Tennessee Highway Patrol informed Lavine that all trailers on public highways needed to be registered and Lavine, in turn, relayed this information to Trefry. *See id.* ¶ 3. Trefry then approached Standifird's vehicle and explained what the Tennessee Highway Patrol had reported. *See* Trefry Aff. ¶ 5. Standifird protested Trefry's treatment of her and a heated exchange ensued during which Standifird became visibly upset. *See* Standifird Aff. ¶¶ 6, 7. Because Trefry believed that Standifird sincerely thought that she did not need a registration plate and that her destination was less than a half mile away, he elected not to issue a citation. *See* Trefry Aff. ¶¶ 4–5. He told

her he would neither have the trailer towed away nor issue her a citation for the infraction. *See id.* ¶¶ 6,7. Standifird estimated that the entire traffic stop lasted approximately forty-five minutes. *See* Standifird Aff. ¶ 8.[1]

Later that day, Standifird arrived at the police station in order to inquire further regarding the propriety of driving in Massachusetts without her trailer being registered. *See id.* ¶ 12. Trefry explained that there was a possibility that she might be towed or issued a citation (although he would do neither) and recommended that Standifird ought not pull the trailer until it was registered. *See* Trefry Aff. ¶ 6. During Standifird's visit, a County Clerk from Tennessee called to inform Lavine that utility trailers did not require registrations, but she nonetheless agreed to fax registration documents the following day. *See* Lavine Aff. ¶ 4. When Standifird returned the next day, Trefry initially gave her only two pages of the three-page fax. *See* Standifird Aff. ¶ 13. When Standifird questioned him about it, he retrieved the third page from the fax and threw it under the office safety glass. *See id.* Even though she has recently produced substantial evidence indicating that Tennessee does not require trailers such as hers to be registered, Standifird chose to register her trailer in order to avoid further attention from the Boxborough police.

Standifird later filed a complaint with the Town Administrator, but after the internal investigation moved along too slowly, Standifird sent a letter to the Town demanding the return of the trailer registration fees. *See* Standifird Aff. ¶¶ 14, 15. When her request received no response, she filed her complaint in the Superior Court.

### III. *Discussion*

The Town has moved for summary judgment arguing that, as matter of law, Standifird's claim is not cognizable under 42 U.S.C. § 1983 as against the Town or its police officer. In particular, the Town argues that Standifird can demonstrate neither a violation of any right secured by the United States Constitution or federal law nor a "custom, policy or practice" of the Town that caused Standifird a deprivation of a constitutional right.

### A. *Standard of Review*

Summary judgment is appropriate if, after reviewing the facts in the light most favorable to the nonmoving party, "the pleadings, depositions ... together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A "genuine" issue is one that "properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A "material" fact is one that "might affect the outcome of the suit" under the applicable legal standard. *Id.* at 248, 106 S.Ct. 2505.

### B. *42 U.S.C. § 1983*

To prevail in an action brought under 42 U.S.C. § 1983, a plaintiff must show that he or she was deprived of a right, immunity, or privilege secured by the Constitution or laws of the United States by a person acting under color of state law. *See Pittsley v. Warish*, 927 F.2d 3, 6 (1st Cir.1991). In addition, when a section 1983 claim is asserted against a municipality, the plaintiff must prove that

---

1. Trefry, on the other hand, estimates that the entire traffic stop lasted fifteen minutes. *See* Trefry Aff. ¶ 7. It is the Court's duty, however, to take all intendments in favor of the nonmoving party, *see Hunt v. Cromartie*, 526 U.S. 541, 119 S.Ct. 1545, 1551–52, 143 L.Ed.2d

731 (1999), and Standifird has raised a genuine issue as to the traffic stop's length of time. Yet this issue is not material because even if the stop lasted forty-five minutes, it did not rise to the level of a constitutional violation.

(1) the harm was caused by a constitutional violation and (2) the city is responsible for that violation, through official municipal policy or unofficial custom or practice. *See Collins v. City of Harker Heights, Tex.,* 503 U.S. 115, 120–21, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992); *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In this case, neither party disputes that Trefry, an officer in the Town's police department, was acting under color of state law when he pulled Standifird over after observing that her trailer lacked registration plates. The parties disagree regarding whether Trefry's conduct violated Standifird's constitutional rights. Standifird argues that Trefry should have known that Tennessee law does not require Tennessee drivers to register their trailers. As a result of his inadequacy, she argues that he unlawfully detained her in violation of her Fourth Amendment right to be free from unreasonable seizures. Meanwhile, the Town argues that Trefry was fully justified at each stage of the encounter and, therefore, did not violate her constitutional rights.

■ The Supreme Court explained, in *Whren v. United States,* 517 U.S. 806, 809–10, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996), that the temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a "seizure" of "persons" within the meaning of the Fourth Amendment. As a result, an automobile stop is subject to the constitutional imperative that it not be "unreasonable" under the circumstances. *See id.* at 810, 116 S.Ct. 1769. The Supreme Court made clear that, as a general matter, "the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Id.* (citing *Delaware v. Prouse,* 440 U.S. 648, 659, 99 S.Ct. 1391, 59 L.Ed.2d 660 [1979]; *Pennsylvania v. Mimms,* 434 U.S. 106, 109, 98 S.Ct. 330, 54 L.Ed.2d 331 [1977] [per curiam] ). Proba-

ble cause exists when police officers, relying on reasonably trustworthy facts and circumstances, have information upon which a reasonably prudent person would believe the suspect had committed or was committing a crime. *See United States v. Young,* 105 F.3d 1, 6 (1st Cir.1997). In the context of a section 1983 suit, when an officer has acted pursuant to these standards there simply is no constitutional violation.

■ In this case, Trefry had probable cause first to stop and then detain Standifird's vehicle because the trailer failed to display a valid registration plate as required under Massachusetts law. In particular, Mass. Gen. Laws ch. 90, § 9 prohibits towing a trailer upon any Massachusetts way unless the trailer is registered with the Commonwealth. Furthermore, Mass. Gen. Laws ch. 90, § 6 provides that every registered trailer must display its registration number conspicuously by the number plates furnished by the Registrar of Motor Vehicles. Massachusetts law does, however, provide an exception for non-resident vehicles. *See* Mass. Gen. Laws ch. 90, § 3. If a non-resident has complied with the laws relative to the registration of trailers in another state, then that resident may operate the trailer without registration under Massachusetts law. *See id.*

When Trefry observed Standifird's vehicle and the trailer, which was lacking the displayed registration, he had probable cause to pull Standifird over and inquire about the status of the registration. *See* Mass. Gen. Laws ch. 90, §§ 6, 9; *see also Whren,* 517 U.S. at 808, 116 S.Ct. 1769 (turning without signaling and speeding); *United States v. Andrade,* 94 F.3d 9, 10–11 (1st Cir.1996) (U-turning in front of oncoming traffic). Trefry reasonably assumed that the vehicle traveling in the Town was registered in Massachusetts and, therefore, that the trailer attached to it should have to comply with Massachusetts law. When he approached the vehicle, he then learned that it displayed Ten-

nessee plates. At this point, although he knew that Massachusetts law required Massachusetts residents to display registration tags on trailers, Trefry also wisely realized that the statute also permitted non-residents to adhere to contrary law from the state where the non-resident resides. As a result, he realized that Standifird might not have been violating Massachusetts law depending on the specific regulations in Tennessee. This is all the Court should expect from a local police officer. Otherwise, the Court would have to charge the local officer with knowing the regulations of each of the other forty-nine states in order to determine, without sister state assistance, whether the driver is in violation of the non-resident's state law. Instead, Trefry did the appropriate thing. Rather than take the self-interested driver's word for it, he contacted Lavine who, in turn, contacted the Tennessee Highway Patrol, a highly credible source with respect to Tennessee motor vehicle law. When the Tennessee Highway Patrol informed the officer that Tennessee law required trailers to be registered, Trefry certainly had probable cause to issue a citation against Standifird. Instead, because he felt as though Standifird sincerely believed that Tennessee trailers need not be registered and she did not have far to travel, he elected not to issue her a citation for the infraction and let her continue on her way.[2] The Court rules that Trefry had probable cause to believe that Standifird was violating Mass. Gen. Laws ch. 90, § 9, despite the exception in Mass. Gen. Laws ch. 90, § 3.

 Furthermore, even if the Court assumes that the stop lasted approximately forty-five minutes (as the Court must at this stage), Trefry did not exceed a permissible length of detention. *See United States v. Sharpe,* 470 U.S. 675, 685–86, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985) (rejecting "bright-line rule" regarding length of stop); *Aureguy v. Town of Tiburon,* 825 F.Supp. 902, 904–05 (N.D.Cal.1993) (noting that a detention is excessively prolonged where police officers' actions are not reasonably related in scope to the circumstances which initially justified the detention). Here, Trefry pulled the distraught Standifird over for the apparent registration violation. After she immediately got out of her vehicle, Trefry had to negotiate her return. Trefry and Standifird then engaged in an exchange about whether Tennessee law required trailers to be registered, and he returned to his vehicle in order to acquire further information regarding the exact reason the stop was initiated in the first place (i.e., the trailer registration issue). After acquiring that information from the Tennessee authorities, he reported the information to an obviously frustrated Standifird. Although the entire encounter could have had a more appropriate tone, Standifird's detention was not excessively prolonged. Consequently, Trefry did not violate Standifird's Fourth Amendment rights.

## IV. *Conclusion*

In opposition to the motion for summary judgment, Standifird, a *pro se* plaintiff, has marshaled an impressive brief and collection of exhibits, an effort of which even the most experienced litigator would be proud. Yet, even though Trefry's impatient treatment of Standifird was not beyond condemnation, her constitutional rights have not been violated. In particular, although Trefry may ultimately have been proven

---

**2.** The parties argue strenuously whether Tennessee law actually requires trailers to be registered. This dispute, though genuine, is immaterial to whether Trefry acted properly during the traffic stop. An officer need not be certain about the driver's responsibility for an infraction or be correct in retrospect. Instead, in order to avoid violating the driver's Fourth Amendment rights, the Constitution requires that he have probable cause at the time of the incident. While the evidence Standifird has marshaled indicating that Tennessee law does not require trailers to be registered is impressive, it does nothing to show that Trefry violated her civil rights on Liberty Square Road that May evening. The Court is not swayed by evidence produced after the fact.

wrong, he was justified in stopping and detaining Standifird in order to determine whether she was violating Mass. Gen. Laws ch. 90, § 9. Thus, he did not violate her Fourth Amendment right to be free from unreasonable seizures.

Accordingly, the motion for summary judgment is ALLOWED and judgment shall, and hereby does, enter for the Town [Docket # 23].